UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60765-CIV-COHN

U.S. BANK NATIONAL ASSOCIATION,

     Plaintiff,

vs.

FIRST CAPITAL LAND TRUST, as
trustee under trust no. 2731 dated
July 25, 2012, et al.,

     Defendant.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Defendant First Capital Land Trust's Emergency Motion for Clarification ("Motion") [DE 10].  The Court has considered the Motion, the record in this case, and is otherwise advised in the premises.

On May 8, 2024, Defendant First Capital Land Trust removed this foreclosure action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  DE 1.  But as the Court subsequently noted, the Notice of Removal was defective because it was not submitted on Defendant's behalf by a licensed attorney.  See DE 8 (May 13, 2024 Order to Show Cause).  The Order to Show Cause set forth the general rule that non-attorneys may not pursue claims on behalf of others in a representative capacity.  Id.  Ultimately, the Court closed the case because, prior to removal, a Final Judgment of Foreclosure had been entered in Plaintiff's favor and no party had moved to modify of vacate that Judgment.  DE 9.

Defendant, still without counsel, now moves on an emergency basis for clarification as to the Court's Order Closing Case.  DE 10.  The Motion is defective because Defendant remains unrepresented by a licensed attorney.  Moreover, Defendant's Motion does not present a true emergency.  The Court notes that the Local Rules provide that "[t]he unwarranted designation of a motion as an emergency motion may result in sanctions."  Local Rule 7.1(d)(1).

Regardless, the Court finds that the appropriate disposition is remand to state court because the defective nature of the Notice of Removal has never been cured. See HHS Capital, LLC v. Equity Max Network, LLC, No. 1:18-CV-732, 2018 WL 8459308, at *3 (S.D. Ohio Nov. 19, 2018) (remanding case removed by pro se defendant in part because he could not act on behalf of defendant LLCs); Cluck-U Corp. v. Docson Consulting, LLC, No. 1:11-CV-1295, 2011 WL 4072987, at *1 (M.D. Pa. Sept. 13, 2011) (remanding case in part because "pro se notice of removal was defective in that it was filed by a non-attorney on behalf of a corporate entity").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The case shall be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida;

3.      The Clerk of the Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 13-00409; and

4.      The Clerk of the Court shall **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of April, 2026.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF
Pro se parties via U.S. mail to address on file